UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **WILLIAM A. HUNTER #246870,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) NO. 3:22-cv-00795 |
| | ) |
| **DAVIDSON COUNTY MAXIMUM** | ) |
| **CORRECTIONAL CENTER, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

William A. Hunter, an inmate at the Davidson County Sheriff's Office in Nashville, Tennessee, filed a pro se civil rights compliant under 42 U.S.C. § 1983 (Doc. No. 1) and a properly completed application to proceed as a pauper. (Doc. No. 9). As explained below, Plaintiff's application to proceed as a pauper will be granted, but Plaintiff fails to state a claim for relief under Section 1983 against the named Defendants at this time. Therefore, to proceed in this case, Plaintiff must file an Amended Complaint by following the instructions at the end of this Order.

**I.     Application to Proceed as a Pauper**

An inmate may bring a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Plaintiff's application to proceed as a pauper shows that he cannot pay the full filing fee in advance. (See Doc. No. 9 at 4). Plaintiff's application (Doc. No. 9) is therefore **GRANTED**, and he is **ASSESSED** the $350.00 filing fee as follows:

The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of—(A) the average monthly deposits to [the plaintiff's] account; or (B) the average monthly balance in [the plaintiff's] account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1). After

the initial filing fee is fully paid, the trust account officer must withdraw from Plaintiff's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. These payments must continue until the $350.00 filing fee is paid in full. Id. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Order to the Davidson County Sheriff's Office to ensure that the custodian of Plaintiff's inmate trust account complies with the portion of 28 U.S.C. § 1915 pertaining to payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance with this Order. All payments made in compliance with this Order must clearly identify Plaintiff's name and the case number as shown on the first page of this Order, and must be mailed to: Clerk, U.S. District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II.  Initial Review

The Court must review the Complaint to determine if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c)(1). Because Plaintiff is representing himself, the Court must hold the Complaint to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted).

This case concerns an incident at the Davidson County Sheriff's Office, referred to going forward as the "Jail." Plaintiff alleges that, on September 27, 2022, he was eating a Jail-issued meal when a "sharp broken little wooden object" choked him, pierced his gums, and pierced the roof of his mouth. (Doc. No. 1 at 1–2). This caused Plaintiff to experience mouth bleeding, coughing, a "minor sore throat," and a "tight chest." (Doc. No. 5 at 1). Plaintiff maintains that he

"could have choked to death." (Doc. No. 1 at 2). Officer Seigrest came to Plaintiff's cell door and said he would notify Lt. Pallak. (Id. at 1). Pallak talked to Seigrest 20 minutes later. (Id.). Plaintiff yelled to Pallak, asking him to take pictures of the foreign object and get Plaintiff medical attention. (Doc. No. 5 at 2). Pallak did not talk to Plaintiff or address his concerns, and Seigrest told Plaintiff that Pallak would not be taking pictures "because this happens with Trinity [Food Service] all the time." (Doc. No. 1 at 1). Plaintiff was not asked if he needed medical attention until the next day, and the day after that, Plaintiff refused medical services. (Doc. No. 5 at 2).

Plaintiff sues the Jail and Trinity Food Service. (Doc. No. 1 at 1). As an initial matter, the Jail is a building, "not a 'person' or legal entity subject to suit under 42 U.S.C. § 1983." McIntosh v. Camp Brighton, No. 14-CV-11327, 2014 WL 1584173, at *2 (E.D. Mich. Apr. 21, 2014) (collecting cases). Davidson County itself and Trinity Food Service, however, are both subject to suit under Section 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Hull v. Davidson Cnty. Sheriff's Off., No. 3:16-cv-02920, 2017 WL 1322104, at *4 (M.D. Tenn. Apr. 3, 2017) (concluding that an entity contracted to provide food services to inmates is a state actor for Section 1983 purposes). To state a claim against either entity under Section 1983, Plaintiff must allege that he (1) suffered a constitutional violation and (2) that a policy or custom of the entity caused the constitutional violation. Hardrick v. City of Detroit, Michigan, 876 F.3d 238, 243 (6th Cir. 2017) (citing Monell, 436 U.S. at 690–92) (municipality); Savoie v. Martin, 673 F.3d 488, 494 (6th Cir. 2012) (quoting Miller v. Sanilac Cnty., 606 F.3d 240, 255 (6th Cir. 2010)) (private entity).

Plaintiff has not pleaded sufficient facts to allege a constitutional violation at this time. Plaintiff is a pretrial detainee.[1] Pretrial detainees are protected by the Fourteenth Amendment's

---

[1] The Court takes judicial notice of this fact. See https://sci.ccc.nashville.gov/Search/NameSearchDetails/ WILLIAM%5EHUNTER%5E05281960%5E246870/ (reflecting that Plaintiff had an ongoing state criminal case at the time he filed the Complaint); Fed. R. Evid. 201(b) (allowing judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

Due Process Clause from conditions of confinement that "amount to punishment." Bell v. Wolfish, 441 U.S. 520, 535 (1979) (footnote omitted). Unconstitutional punishment can be demonstrated in "two ways: (1) by showing 'an expressed intent to punish on the part of the detention facility officials,' or (2) by showing that a restriction or condition is not rationally related to a legitimate government objective or is excessive in relation to that purpose." J.H. v. Williamson Cnty., Tenn., 951 F.3d 709, 717 (6th Cir. 2020) (quoting Bell, 441 U.S. at 538–39). This Court has held that "a single incident of a foreign object in [a detainee's] food," even if it "resulted in injury," does not state a conditions-of-confinement claim under this standard. See Page v. R.C.A.D.C., No. 3:22-cv-00650, 2022 WL 4486400, at *4 (M.D. Tenn. Sept. 26, 2022) (dismissing detainee's claim based on allegation of biting into a rock while eating lunch and damaging two of his teeth); Smith v. Younger, 187 F.3d 638 (6th Cir. 1999) ("The fact that the [prison] food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation.") (citations omitted). Accordingly, Plaintiff fails to state a constitutional claim based on his allegation of choking on a small wooden object in his food on one occasion.

The Court notes Plaintiff's concern that Jail staff did not adequately investigate this incident. "But allegations of a failure to act or, more specifically, a failure to adequately investigate an administrative grievance or complaint do not give rise to constitutional violations." Partin v. Parris, No. 17-6172, 2018 WL 1631663, at *2 (6th Cir. Mar. 20, 2018) (citing Grinter v. Knight, 532 F.3d 567, 575–76 (6th Cir. 2008)).

The Court also notes Plaintiff's allegation that Lt. Pallak ignored his request for medical attention shortly after this incident occurred on September 27, 2022. "Pretrial detainees have a right to adequate medical care under the Fourteenth Amendment. An officer violates that right if that officer shows deliberate indifference to [a pretrial detainee's] serious medical needs[.]"

Hyman v. Lewis, 27 F. 4th 1233, 1237 (6th Cir. 2022) (internal citations and quotation marks omitted). Here, however, Plaintiff does not name Pallak as a Defendant, so it appears that Plaintiff does not intend to bring a claim against him. And Pallak's alleged denial of medical attention on September 27 is not attributable to a policy or custom of Davidson County or Trinity Food Service. Plaintiff, therefore, fails to state a claim based on allegedly inadequate medical care at this time.

For all of these reasons, Plaintiff fails to state a claim under Section 1983. Rather than dismiss the case at this time, however, the Court will give Plaintiff an opportunity to file an Amended Complaint. See LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."). For this purpose, the Clerk is **DIRECTED** to send Plaintiff a blank form Section 1983 complaint for prisoners.

To the extent that Plaintiff is seeking to assert state-law claims (see Doc. No. 5 at 2), the Court will reserve deciding whether to exercise supplemental jurisdiction until it has reviewed any Amended Complaint. See 28 U.S.C. § 1367(c)(3) (permitting courts to decline exercising such jurisdiction if it "dismissed all claims over which it has original jurisdiction").

### III. Instructions to Plaintiff

For this case to proceed, Plaintiff **MUST** file an Amended Complaint that states a claim against a proper Defendant to a Section 1983 case. If Plaintiff wants to sue a staff member at the Jail, Plaintiff must clearly list that staff member as a Defendant on the Amended Complaint form. The Amended Complaint must be written in a clear and concise manner, and it must include all the factual allegations, legal claims, and Defendants that Plaintiff wants to pursue regarding the incident that occurred at the Jail on September 27, 2022 (as well as any matters arising out of that

incident). The Amended Complaint will replace the prior complaint for all purposes. See <u>In re Refrigerant Compressors Antitrust Litig.</u>, 731 F.3d 586, 589 (6th Cir. 2013) (citation omitted).

Plaintiff **MUST** file the Amended Complaint within **30 DAYS** of the date this Order is entered on the docket, and it must include the assigned case number, **No. 3:22-cv-00795**. Plaintiff may request more time to comply before the deadline expires, if necessary. To file in person or by mail, the Court's address is: U.S. District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

When the Court receives the Amended Complaint, it will conduct a fresh screening to determine if Plaintiff states a claim for relief. If Plaintiff does not file an Amended Complaint, however, the Court will dismiss this case for failure to state a claim.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

6

Case 3:22-cv-00795   Document 11   Filed 01/03/23   Page 6 of 6 PageID #: 51