# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| WILLIAM A. HUNTER #246870, | ) |   |
|---|---|---|
|   | ) |   |
| Plaintiff, | ) |   |
|   | ) |   |
| v. | ) | NO. 3:22-cv-00795 |
|   | ) |   |
| DAVIDSON COUNTY MAXIMUM CORRECTIONAL CENTER, et al., | ) ) |   |
|   | ) |   |
| Defendants. | ) |   |

## MEMORANDUM OPINION AND ORDER

William Hunter, a pretrial detainee at the Davidson County Sheriff's Office, filed a pro se civil rights compliant under 42 U.S.C. § 1983 and an application to proceed as a pauper. The Court granted Plaintiff pauper status, screened the Complaint, and determined that the Complaint failed to state a claim against the named Defendants. (Doc. No. 11). Rather than dismiss the case, the Court gave Plaintiff an opportunity to file an Amended Complaint. (Id. at 5–6). Plaintiff did so, and the Amended Complaint is now the operative complaint in this case. (Doc. No. 12). For the following reasons, this case may proceed for further development. Plaintiff should consult the end of this Order for further instructions.

I.   **Initial Review**

The Court must review and dismiss any part of the Amended Complaint that is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c)(1). Because Plaintiff is representing himself, the Court must hold the Amended Complaint to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted).

A.  **Factual Allegations**

The following summary of allegations is drawn from the Amended Complaint (Doc. No. 12) and an attachment to the Amended Complaint. (Doc. No. 13).

On September 29, 2022, Plaintiff was eating a Jail-issued meal in his cell when a sharp wooden object in his food pierced his gums and broke his tooth. (Doc. No. 12 at 4–5, 7). Plaintiff choked on this object before coughing it up, and he experienced chest tightness, eye pain, and a headache. (Doc. No. 13 at 1). Plaintiff, who was in "obvious" distress and spitting blood, got the attention of Officer Siegrest and showed him the foreign object from his food. (Id.). Officer Siegrest did not offer Plaintiff medical attention, and Plaintiff "figured [he] would get medical once [he] spoke with a high up about the incident." (Doc. No. 12 at 5; Doc. No. 13 at 2). But despite Officer Siegrest notifying Lt. Nicholas Pallak of the incident, Pallak did not come talk to Plaintiff at that time. (Doc. No. 12 at 4). Plaintiff filed a grievance, and a couple of days later, Lt. Pallak came to his cell and offered Plaintiff medical attention. (Id. at 3, 5, 7). Plaintiff refused treatment at that time. (Id. at 5, 7). Plaintiff appealed the grievance, and facility administrator Ruby Joyner denied the appeal. (Id. at 7–8). Later, Plaintiff submitted a sick call request because he has continued to experience pain and bleeding as a result of this incident. (Id. at 5). Plaintiff has been given pain medication and a dental referral. (Id. at 5).

Plaintiff sues Lt. Pallak, Officer Siegrest, a kitchen staffer named Ms. Kay, and facility administrator Ruby Joyner. (Id. at 1–3). He requests monetary damages. (Id. at 5–6).

B.  **Legal Standard**

On initial review, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the

factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)).

    **C.    Analysis**

"There are two elements to a § 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." Handy-Clay v. City of Memphis, Tenn., 695 F.3d 531, 539 (6th Cir. 2012) (citations omitted). Plaintiff meets the first requirement, as all four Defendants are state actors under Section 1983. Plaintiff sues these Defendants in their official capacities and individual capacities.

    **1.    Official-Capacity Claims**

An official-capacity claim "is, in all respects other than name, to be treated as a suit against the entity" that a defendant represents. Cady v. Arenac Cnty., 574 F.3d 334, 342 (6th Cir. 2009) (quoting Kentucky v. Graham, 473 U.S. 159, 166 (1985)). The three Jail employees represent Davidson County, while kitchen staffer Ms. Kay represents Trinity Food Service. Davidson County and Trinity Food Service are both subject to suit under Section 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Hull v. Davidson Cnty. Sheriff's Off., No. 3:16-cv-02920, 2017 WL 1322104, at *4 (M.D. Tenn. Apr. 3, 2017) (concluding that an entity contracted to provide food services to inmates is a state actor for Section 1983 purposes). To state a claim against either entity under Section 1983, Plaintiff must allege that (1) he suffered a constitutional violation and (2) a policy or custom of the entity caused the constitutional violation. Hardrick v. City of

3

Detroit, Michigan, 876 F.3d 238, 243 (6th Cir. 2017) (municipality) (citing Monell, 436 U.S. at 690–92); Savoie v. Martin, 673 F.3d 488, 494 (6th Cir. 2012) (private entity) (quoting Miller v. Sanilac Cnty., 606 F.3d 240, 255 (6th Cir. 2010)).

Here, even liberally construing the Amended Complaint in Plaintiff's favor, the Court cannot reasonably infer that a policy or custom of Davidson County or Trinity Food Service played a role in the events giving rise to this case. Plaintiff fails to state a claim against both entities for this reason alone. Additionally, Plaintiff's allegation that he choked on a small wooden object in his food on one occasion does not support a claim against either entity because that incident, while undoubtedly distressing, does not amount to a constitutional violation. As the Court previously explained, "a single incident of a foreign object in [a detainee's] food," even if it "resulted in injury," does not state a constitutional claim. See Page v. R.C.A.D.C., No. 3:22-cv-00650, 2022 WL 4486400, at *4 (M.D. Tenn. Sept. 26, 2022) (dismissing detainee's claim based on allegation of biting into a rock while eating lunch and damaging two of his teeth); Smith v. Younger, 187 F.3d 638 (6th Cir. 1999) ("The fact that the [prison] food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation.") (citations omitted). For all of these reasons, Plaintiff's official-capacity claims will be dismissed.

### 2. Officer Siegrest

Plaintiff alleges that he reported the foreign object in his food to Officer Siegrest shortly after choking on it, when he was in "obvious" distress and spitting blood. Siegrest did not offer Plaintiff medical attention, and although Siegrest reported the incident to Lt. Pallak, Pallak did not visit Plaintiff at that time.

These allegations state a claim for relief against Officer Siegrest. "Pretrial detainees have a right to adequate medical care under the Fourteenth Amendment. An officer violates that right if

that officer shows deliberate indifference to [a pretrial detainee's] serious medical needs[.]" Hyman v. Lewis, 27 F. 4th 1233, 1237 (6th Cir. 2022) (internal citations and quotation marks omitted). This claim requires the detainee to "show (1) that [he] had a sufficiently serious medical need and (2) that each defendant acted deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." Helphenstine v. Lewis Cnty., Ky., --- F. 4th ----, 2023 WL 1859890, at *6 (6th Cir. Feb. 9, 2023) (internal citations and quotation marks omitted) (quoting Brawner v. Scott Cnty., Tenn., 14 F.4th 585, 596 (6th Cir. 2021)).

Accepting the allegations as true, Plaintiff satisfies the objective component of this claim by alleging that, after he choked on a sharp wooden object in his food, he experienced chest tightness, eye pain, a headache, and spitting blood. As for the subjective component, Officer Siegrest allegedly saw the foreign object, observed Plaintiff in "obvious" distress, and saw Plaintiff spitting blood. Construing these allegations in Plaintiff's favor, is it reasonable to infer that Plaintiff had a medical need so obvious that a non-medical official like Siegrest should have known that Plaintiff needed medical attention. See Helphenstine, 2023 WL 1859890, at *7 ("A sufficiently serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.") (quoting Griffith v. Franklin Cnty., Ky., 975 F.3d 554, 567 (6th Cir. 2020)). On this point, it is significant that Plaintiff alleges he was spitting blood when he spoke to Siegrest, as expelling blood from the mouth—like vomiting—is a clear sign of actual or potential medical need. See id. ("Vomiting is 'a clear manifestation of internal physical disorder.'") (quoting Blackmore v. Kalamazoo Cnty., 390 F.3d 890, 899 (6th Cir. 2004)). Given Siegrest's observations,

5

it is reasonable to infer that his failure to offer or obtain medical treatment was reckless. Accordingly, Plaintiff states a claim for denial of adequate medical care against Siegrest.

### 3. Lt. Pallak

Plaintiff alleges that Lt. Pallak did not visit his cell or conduct an investigation when Officer Siegrest informed Pallak of the choking incident. Plaintiff filed a grievance, and a couple of days later, Pallak visited Plaintiff and offered medical attention, which Plaintiff refused.

These allegations fail to state a claim. As for Plaintiff's lack of medical care immediately following the choking incident, the Court has no reason to infer that Officer Siegrest conveyed Plaintiff's alleged physical state (including that Plaintiff was, among other things, spitting blood) to Lt. Pallak. See Greene v. Crawford Cnty., Mich., 22 F.4th 593, 607 (6th Cir. 2022) (explaining that, for the subjective component of a detainee's inadequate medical care claim, the Court "cannot 'impute knowledge from one defendant to another[,]' [and] must 'evaluate each defendant individually'") (quoting Speers v. County of Berrien, 196 F. App'x 390, 394 (6th Cir. 2006)). And Plaintiff cannot impose supervisory liability on Pallak for Siegrest's alleged misconduct because the allegations do not support the inference that Pallak "implicitly authorized, approved, or knowingly acquiesced in" Siegrest's asserted deprivation of adequate medical care. See Griffith, 975 F.3d at 579 (explaining the minimum level of participation required to impose liability on supervisors based on their subordinates' misconduct) (quoting Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999)). Plaintiff, therefore, fails to state a claim of inadequate medical care against Pallak arising from the period immediately following the choking incident.

Next, Plaintiff faults Lt. Pallak for failing to treat the choking incident as an emergency when Officer Siegrest told him about it. (Doc. No. 12 at 4–5). "But allegations of a failure to act or, more specifically, a failure to adequately investigate an administrative grievance or complaint

6

Case 3:22-cv-00795 Document 14 Filed 02/14/23 Page 6 of 9 PageID #: 75

do not give rise to constitutional violations." Partin v. Parris, No. 17-6172, 2018 WL 1631663, at *2 (6th Cir. Mar. 20, 2018) (citing Grinter v. Knight, 532 F.3d 567, 575–76 (6th Cir. 2008)).

Plaintiff also alleges that he declined Lt. Pallak's offer of medical care a couple of days after the incident. This allegation cannot support a claim against Pallak for two reasons. First, Plaintiff does not describe his condition days after the choking incident, so the Court cannot conclude that he was suffering from an objectively serious medical need at that time. Second, by offering Plaintiff medical care, Pallak did not act recklessly with regard to Plaintiff's medical needs. For all of these reasons, Plaintiff fails to state a claim against Pallak.

### 4. Ruby Joyner

Plaintiff alleges that he filed an unsuccessful grievance regarding the choking incident, he appealed, and facility administrator Ruby Joyner denied his appeal. But "[t]he 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." See Grinter, 532 F.3d at 576 (quoting Shehee, 199 F.3d at 300). Similarly, "claims premised on the mishandling of [] grievances" are subject to dismissal because prisoners "have no constitutional right to an effective prison grievance procedure." Hursey v. Anderson, No. 16-1146, 2017 WL 3528206, at *2 (6th Cir. Mar. 31, 2017) (citation omitted). Accordingly, Plaintiff fails to state a claim against Joyner.

### 5. Ms. Kay

Plaintiff names Ms. Kay as a Defendant on the Amended Complaint form (Doc. No. 12 at 1, 3), but he does not make any factual allegations describing what Kay did to violate his constitutional rights. Even under the liberal standards for pro se pleadings, that is not enough to state a claim for relief. See Sampson v. Garrett, 917 F.3d 880, 882 (6th Cir. 2019) ("Even a pro se

7

prisoner must link his allegations to material facts and indicate what each defendant did to violate his rights.") (citations omitted).

### 6. State-Law Claims

Finally, Plaintiff makes passing references to a couple of claims that arise under state law. (See Doc. No. 12 at 3, 5; Doc. No. 13 at 2 (defamation of character); see also Doc. No. 12 at 5; Doc. No. 13 at 2 (negligence)). But Plaintiff does not support these references with sufficient facts to flesh out a state-law claim against the named Defendants. See Gilmore v. Corr. Corp. of Am., 92 F. App'x 188, 190 (6th Cir. 2004) ("[E]ven pro se complaints must satisfy basic pleading requirements. A complaint must contain allegations respecting all the elements to sustain a recovery under some viable legal theory.") (citations omitted). Accordingly, Plaintiff fails to state a state-law claim.

## II. Conclusion and Referral

For these reasons, the Court concludes that Plaintiff states a claim for deliberate indifference to serious medical needs against Officer Siegrest in his individual capacity. All other claims and Defendants are **DISMISSED**.

The Court's determination that the Amended Complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a Motion to Dismiss any claim under Federal Rule of Civil Procedure 12.

This case is **REFERRED** to the Magistrate Judge to oversee service of process, enter a scheduling order for the management of the case, dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and conduct further proceedings, if necessary, under Rule 72 of the Federal Rules of Civil Procedure and the Local Rules of Court.

### III. Instructions to Plaintiff

Officer Siegrest is the only Defendant remaining in this case. It is Plaintiff's responsibility to make sure that Siegrest is served with summons and the Amended Complaint. The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) and the Court's Information Sheet for pro se prisoners titled "Service of Process in Civil Rights Cases."[1]

Plaintiff **MUST** complete a service packet for Officer Siegrest and return the completed service packet to the Clerk's Office within **30 DAYS** of the date this Order is entered on the docket. To return a completed service packet in person or by mail, the Court's address is: U.S. District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203. Upon return of the completed service packet, **PROCESS SHALL ISSUE**.

Failure to return a completed service packet by the deadline could lead to dismissal of this case, but Plaintiff may request more time to comply with this Order, if necessary. Plaintiff is also warned that failure to promptly inform the Court of any change in address may result in dismissal of this case without further Order. Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Additional resources for pro se litigants, including forms, handbooks, and information sheets, are available on the Court's website. See https://www.tnmd.uscourts.gov/representing-yourself-federal-court.